UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KERRIE CAMPBELL and JAROSLAWA Z. JOHNSON, individually, and on behalf of others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>CHADBOURNE & PARKE LLP, MARC ALPERT, ANDREW GIACCIA, ABBE LOWELL, LAWRENCE ROSENBERG, HOWARD SEIFE, and PAUL WEBER<br><br>　　　　　　Defendants. | Civ. No. 1:16-cv-06832 (JPO) |

## DECLARATION OF DAVID SANFORD IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND FOR DISCOVERY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(d)

　　　　I, DAVID SANFORD, hereby declare under penalty of perjury that the following is true and correct:

　　　　1.　　I am lead counsel for Plaintiffs and the proposed Class in the above-captioned action and am fully familiar with the facts concerning this matter. I respectfully submit this declaration in opposition to Defendants' Motion for Summary Judgment and for Discovery Pursuant to Federal Rule of Civil Procedure 56(d).

　　　　2.　　Plaintiffs file their opposition seeking Rule 56(d) discovery without waiving the right to oppose Defendants' Motion for Summary Judgment ("Defendants' Motion") on any grounds including, without limitation, their argument that Defendants' Motion is premature, that Defendants fail as a matter of law to carry their initial, threshold burden for purposes of summary judgment under Federal Rule of Civil Procedure 56, and that evidence currently in Plaintiffs'

1

possession or to be developed through discovery raises genuine, triable issues of material fact sufficient to defeat Defendants' Motion. By filing their opposition to the Motion, Plaintiffs do not waive an opportunity to oppose summary judgment on the merits after the completion of relevant discovery.

3. On November 14, 2016, Defendants filed their Motion for Summary Judgment and Motion to Dismiss Class Allegations (Dkt. No. 29). At the time of the Motions, the parties had yet to conduct a Rule 26(f) conference or otherwise discuss – much less participate in – discovery, and the Court had not yet convened a case management conference or set a discovery schedule.

4. Discovery has not formally commenced in this action, and therefore Plaintiffs have not yet had the opportunity to conduct discovery into the issues raised in Defendants' Motion. Defendants appear to have conceded that Plaintiffs should be allowed some discovery before opposing summary judgment on the merits, pursuant to Federal Rule of Civil Procedure 56(d).[1]

5. Plaintiffs seek discovery pursuant to Rule 56(d) regarding Defendants' argument that Plaintiffs should not be considered employees under Title VII of the Civil Rights Act ("Title VII"), the Equal Pay Act ("EPA"), the Fair Labor Standards Act ("FLSA"), and the Washington D.C. Human Rights Act ("DCHRA"). Plaintiffs contend that they are, in fact, employees under these laws. As detailed below, the following discovery is essential to these questions.

6. Plaintiffs seek discovery to establish that, contrary to Defendants' assertions, Chadbourne can and does hire and fire partners, including Plaintiff Kerrie Campbell. Documents

---

[1] *See, e.g.,* Dkt. 40 (letter from Kathleen McKenna, Esq. stating: "Defendants do not categorically object to Rule 56(d) discovery, and remain willing to consider discovery tailored to the facts that plaintiffs are unable to dispute in the absence of such discovery."); Tr. of Dec. 19, 2016 Court Conference at 7:5-6 (Kathleen McKenna, Esq. stating: "[P]art of what separates us is the scope of discovery").

that Plaintiffs seek include: communications to any partnership candidate, whether or not the candidate accepted, containing any formal or informal offer of partnership; records of any vote to offer partnership to any partnership candidate, whether or not the candidate accepted; records of all signatories to the Firm's Partnership Agreement; documentation concerning any person's receipt of partnership shares, privileges, or status without being voted on by the full partnership; documentation demonstrating the circumstances of the de-equitization, termination, or change in status of any partner, including communications between any members of the Management Committee discussing any contemplated change in status (including any "partner in transition" designation published or disclosed to the general partnership) and communications from any member(s) of the Management Committee conveying any contemplated change in status to a partner; information relating to compensation paid to any departing or former partner; and documentation regarding a partner's ability to remain at the Firm after the Management Committee has requested that he or she leave.

7.      Plaintiffs seek discovery to establish that, contrary to Defendants' assertions, Chadbourne sets the rules and regulations for the work of partners, including Plaintiffs. Documents that Plaintiffs seek include: documentation reflecting the Management Committee's process for developing and implementing policies that apply to partners, including documentation showing any roles that partners other than those on the Management Committee play in developing such policies; documentation reflecting the Management Committee's adoption of policies and procedures that apply to partners of the Firm (including policies that apply to all Firm personnel or all Firm attorneys regardless of partnership status); communications with partners regarding the development and implementation of Firm policies applicable to partners, including communications containing any objections from partners to applicable policies; records of any

3

vote in which the general partnership voted on whether to implement a Firm policy applicable to partners prior to implementation and minutes of any partnership meetings in which partners discussed any such policy before implementation; communications with partners regarding their compliance or non-compliance with Firm policies; and records of any warnings, reprimands, or discipline imposed on partners regarding failure to comply with Firm policies (including any threatened or actual withholding of compensation as a result of non-compliance with Firm policies).

8. Plaintiffs seek discovery to establish that, contrary to Defendants' assertions, Chadbourne supervises the work of partners, including Plaintiffs, including interfering with partners' management of their cases and overruling partners on management decisions affecting their cases. Documents that Plaintiffs seek include: documentation of decisions made by any member of the Management Committee or practice group head on a case for which another partner held primary responsibility; communications between any member of the Management Committee or practice group head regarding staffing on any case for which another partner held primary responsibility; communications between any member of the Management Committee and a partner rejecting a billing rate proposed by a partner; all write-offs, write-off requests, and related correspondence directed by any member(s) of the Management Committee who was not primarily responsible for the case; all communications relating to complaints against any partner, including any related communications involving any member of the Management Committee and all actions taken by any member of the Management Committee in response to any such complaint.

9. Plaintiffs seek discovery to establish that, contrary to Defendants' assertions, partners are required to report to the Firm's Management Committee and their respective practice

4

group heads.  Documents that Plaintiffs seek include: communications between any member of the Management Committee and any partner directing the partner to meet with or otherwise report to any member of the Management Committee or practice group head; communications between any member of the Management Committee and any partner establishing, seeking to establish, or requesting to establish a work schedule or in-office schedule for a partner; communications from any member of the Management Committee or any practice group head to any partner requiring the partner to take certain actions, including compliance with case management procedures, billing actions, or completion of performance reviews; communications regarding the consequence or penalty for not completing the requested actions; communications between any member of the Management Committee or any practice group head and any partner regarding the hiring of staff; and communications between any member of the Management Committee or any practice group head and a partner regarding the partner's ability to incur expenses on behalf of the Firm.

10. Plaintiffs seek discovery to establish that, contrary to Defendants' assertions, individual partners are unable to influence the Firm and, in fact, are denied access to information regarding Firm management.  Documents that Plaintiffs seek include: documentation of all responsibilities and powers invested in the Management Committee that are not expressly named in the Partnership Agreement; documentation of all responsibilities and powers invested in leaders of Firm committees and practice group heads; communications regarding the Management Committee's selection of members of Firm committees and practice group heads, including communications regarding any request by a partner to serve as a member of any Firm committee or as a practice group head and communications regarding nominations for the Management Committee; communications regarding the development of agendas of meetings of

the general partnership; documentation of deliberations, decisions, and/or actions undertaken by the Management Committee without disclosure to the general partnership; comments and/or complaints by any partners expressing concern about deliberations, decisions, and/or actions undertaken by the Management Committee without consultation with or disclosure to the general partnership; comments and/or complaints by any partner regarding any terms in the Firm's Partnership Agreement, including the outcome of any such complaints; requests from any partner seeking information or documentation from the Management Committee that was declined or otherwise unanswered; communications regarding the Firm's decision to withhold information regarding its Project Finance Group from the general partnership; information related to potential firm mergers that was not shared with the general partnership, and communications regarding the decision to withhold information regarding potential mergers from the general partnership; information related to the opening or closing of Firm offices that was not shared with the partnership, and communications regarding the decision to withhold information regarding the opening or closing of Firm offices from the general partnership.

11. Plaintiffs seek discovery to establish that, contrary to Defendants' assertions, partners are not entitled to a share of the Firm's profits or losses and instead their compensation, including any allocation of profits or losses, is set each year by the Management Committee. Documents that Plaintiffs seek include: communications and information shared between members of the Management Committee relating to the determination of each partner's compensation, including the allocation and valuation of any points or shares, the assignment of any draw, and the assignment of any bonus; communications between the members of the Management Committee regarding the portion of Firm revenue that should be set aside for the bonus pool rather than profit-sharing; documentation of the compensation guarantees and/or

6

bonus eligibility of each partner; documentation of individual arrangements made between any partner and the Management Committee relating to the partner's compensation, allocation of profits and losses, draw, or capital contributions; documentation of the actual distribution of profits and/or losses to partners each year; documentation of the methodology used by the Management Committee to determine the share of Firm profits or Firm losses that were distributed to partners each year; communications involving any member of the Management Committee regarding the decision to adjust profit shares or loss shares from year to year; communications between any member of the Management Committee and any partner regarding a request to participate in the decision to adjust profit shares or loss shares; the methodology used by the Management Committee to determine each partners' individual capital contributions; and the liabilities incurred by the Firm that were paid by partners either directly or through their capital contributions.

12. In addition to the documents described above, Plaintiffs request the opportunity to depose the members of the Management Committee and the partners who left the Firm in the last five years in order to discover information responsive to the topics identified herein.

13. Plaintiffs' above requests for discovery are reasonably calculated to create a dispute of material fact with respect to whether Plaintiffs had control over the Firm and were employees under applicable law. This information is essential to enable Plaintiffs to dispute Defendants' characterization of the parties' relationship in their Motion for Summary Judgment, including Defendants' assertions in their Statement of Material Undisputed Facts. Plaintiffs expect the above discovery to establish the facts described by Plaintiffs in their Response to Defendants' Local Civil Rule 56.1 Statement and Plaintiffs' Statement of Additional Material Facts to Be Tried by a Factfinder. Plaintiffs have tailored their requests to only those areas that,

based on Plaintiffs' personal knowledge, deviate from Defendants' description, namely Chadbourne's ability to hire and fire partners and set the rules and regulations of partners' work, the extent to which Chadbourne supervises partners' work, whether partners report to the Management Committee or practice group heads, the extent to which partners can influence the Firm, and whether partners share in the profits, losses, and liabilities of the Firm and how partners' compensation is set. Each request for documents and depositions will develop facts relevant to the issues identified herein.

14. Plaintiffs further assert that they are not and have never been members of the Management Committee and therefore lack access to the information described herein relating to the Management Committee's control over partners of the Firm, including documents reflecting the Management Committee's internal deliberations and the Management Committee's discussions and private communications with other partners.

15. Plaintiffs have made diligent efforts to obtain the information described above from Defendants. After receiving service of Defendants' Motion for Summary Judgment and Motion to Dismiss Class Allegations, on November 17, 2016, Plaintiffs sent a letter to Defendants' counsel seeking discovery pursuant to Federal Rule of Civil Procedure 56(d). On December 5, 2016, to inform the parties' discussions, Plaintiffs provided Defendants with an unsigned draft Rule 56(d) declaration seeking discovery that is substantially similar to the discovery described in this affidavit. On December 6, 2016, counsel met and conferred but were unable to reach agreement about Plaintiffs' Rule 56(d) discovery requests. Thereafter, the parties exchanged three letters in further effort to reach a resolution, but those efforts were also unsuccessful. Defendants sought to limit the scope and duration of discovery but declined to engage in a substantive discussion regarding the specific discovery set forth in Plaintiffs' draft

Rule 56(d) declaration. In connection with the Court conference on December 19, 2016, Defendants appear to have agreed that Plaintiffs should be allowed some discovery before opposing summary judgment on the merits, pursuant to Federal Rule of Civil Procedure 56(d), but reiterated that the parties continued to disagree regarding the scope of applicable discovery.

Executed on January 9, 2017                          _____
                                                                              DAVID SANFORD