```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
  KERRIE CAMPBELL, et al.,                                 :
                                                           :
                              Plaintiffs,                  :     16-CV-6832 (JPO)
                                                           :
                  -v-                                      :     OPINION AND ORDER
                                                           :
  CHADBOURNE & PARKE LLP, et al.,                          :
                                                           :
                              Defendants.                  :
-----------------------------------------------------------X
```

J. PAUL OETKEN, District Judge:

  Plaintiffs Kerrie Campbell, Jaroslawa Z. Johnson, and Mary T. Yelenick bring this action, on behalf of themselves and others similarly situated, against Defendants Chadbourne & Parke LLP ("Chadbourne" or "the Firm") and certain Chadbourne partners, Marc Alpert, Andrew Giaccia, Abbe Lowell, Lawrence Rosenberg, Howard Seife, and Paul Weber, to redress alleged systematic gender discrimination at the Firm. (Dkt. No. 12 ("Compl.") at 1.) In the operative complaint, Plaintiffs assert claims—some in their individual capacities and some on behalf of the putative class and collective action members—involving pay discrimination, wrongful termination, and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 200e, *et seq.*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206(d), 216(b), the Equal Pay Act ("EPA"), 29 U.S.C. §§ 215(a)(3), 216(b), and the District of Columbia Human Rights Act ("DCHRA"), D.C. Code §§ 2-1401, *et seq.*, as well as under various common law theories. (Compl. ¶¶ 210-99.)

  The Court earlier heard argument on and denied a motion for emergency relief regarding a vote of the Chadbourne partnership to expel Plaintiff Campbell from its ranks. (Dkt. No. 97; Dkt. No. 98.) But this suit remains in its infancy, and discovery has not yet commenced. (*See*

1

Dkt. No. 102.) Nevertheless, currently pending before this Court are several motions, including: Defendants' motion for summary judgment (Dkt. No. 29); their accompanying motion to dismiss the class and collective action allegations (*id.*); Plaintiff Campbell's motion to dismiss the counterclaims against her and for related relief (Dkt. No. 41); and Plaintiffs' motion for conditional certification of an Equal Pay Act collective action (Dkt. No. 63). The resolution of each motion relies, in whole or in part, on the answer to a single question: whether Plaintiffs are "employees" under the relevant federal statutes and therefore protected within their ambit.

For the reasons discussed below, these motions are denied, most without prejudice to renewal following the completion of limited discovery.

**I.     Motion for Summary Judgment**

    **A.     Legal Standard**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A fact is "material" if it "might affect the outcome of the suit under the governing law." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if, considering the record as a whole, a rational jury could find in favor of the non-moving party. *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

A movant bears the initial burden to provide evidence on each material element of his claim or defense. *Vt. Teddy Bear Co. v. 1–800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004). The non-moving party must then respond with specific facts demonstrating that there are remaining issues for trial. *Ricci*, 557 U.S. at 586 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

"Although a pre-discovery motion [for summary judgment] is permitted under Federal Rule of Civil Procedure 56, it should be granted '[o]nly in the rarest of cases' because '[t]he nonmoving party must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment.'" *Lifetree Trading PTE., LTD. v. Washakie Renewable Energy, LLC*, No. 14 Civ. 9075, 2015 WL 3948097, at *6 (S.D.N.Y. June 29, 2015) (second and third alterations in original) (quoting *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000)).  If the non-moving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion or deny it."  Fed. R. Civ. P. 56(d); *see Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303-04 (2d Cir. 2003); *Lifetree Trading PTE., LTD.*, 2015 WL 3948097, at *9.

**B.     Discussion**

Defendants move for pre-discovery summary judgment, arguing that they are entitled to relief on the basis of a single question: whether Plaintiffs are "employees" within the meaning of the employment statutes under which they raise their federal claims.  Because of Plaintiffs' status as partners at the Firm and according to the terms of the operative partnership agreement, Defendants contend that Plaintiffs cannot be considered "employees" under the relevant statutes (namely, Title VII, the FLSA, and the EPA).  (Dkt. No. 30 at 8-17.)  If Defendants are right, the case cannot proceed.

Plaintiffs, for their part, ask the Court to defer a final ruling on the summary judgment motion (or, in the alternative, to deny the motion) and to order "targeted Rule 56(d) discovery." (Dkt. No. 52 at 2.)

3

The question at the heart of Defendants' summary judgment motion—whether Plaintiffs are "employees" under the relevant statutes—involves analysis under the six "*Clackamas* factors," adopted by the Supreme Court in *Clackamas Gastroenterology Assocs., P.C. v. Wells*, 538 U.S. 440, 449-50 (2003). The factors are:

1. "Whether the organization can hire or fire the individual or set the rules and regulations of the individual's work";

2. "Whether and, if so, to what extent the organization supervises the individual's work";

3. "Whether the individual reports to someone higher in the organization";

4. "Whether and, if so, to what extent the individual is able to influence the organization";

5. "Whether the parties intended that the individual be an employee, as expressed in written agreements or contracts"; and

6. "Whether the individual shares in the profits, losses, and liabilities of the organization."

*Id.* (quoting 2 Equal Employment Opportunity Commission, Compliance Manual § 605:0009 (2000)).

Whether an individual is an "employee" under the six *Clackamas* factors depends on "'all of the incidents of the relationship.'" *Id.* at 451 (alteration in original) (quoting *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 324 (1992)). The factors are not exclusive, no one is decisive, and they "cannot be decided in every case by a 'shorthand formula or magic phrase.'" *Id.* at 450-51 & n.10 (quoting *Darden*, 503 U.S. at 324). In sum, this is a "fact-intensive inquiry." *Magnotti v. Crossroads Healthcare Mgmt., LLC*, 126 F. Supp. 3d 301, 311 (E.D.N.Y. 2015); *see also Morales v. M. Alfonso Painting Corp.*, No. 11 Civ. 1263, 2013 WL 5289789, at *3 (S.D.N.Y. Sept. 19, 2013) (describing the inquiry under the Fair Labor Standards Act as being,

"[i]n this Circuit . . . a fact-intensive inquiry that is 'grounded in economic reality rather than technical concepts.'" (quoting *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013)).

While Defendants argue that the title "partner" and the terms of the operative partnership agreement automatically foreclose the possibility that Plaintiffs may be considered employees, the Supreme Court has made clear that "[t]he mere fact that a person has a particular title—such as partner, director, or vice president—should not necessarily be used to determine whether he or she is an employee or a proprietor," and "the mere existence of a document styled," for example, as an "employment agreement," or a partnership agreement, does not necessarily answer the question. *Clackamas Gastroenterology Assocs., P.C.*, 538 U.S. at 450. As such, some discovery on these factors is appropriate. *See Foresta v. Centerlight Capital Mgmt., LLC*, 379 F. App'x 44, 46 (2d Cir. 2010) (holding that "the District Court erred in granting summary judgment without first permitting plaintiff to take additional discovery" on a set of factors in the ADA context similar to the *Clackamas* factors, even though some discovery had been completed).[1]

Here, Plaintiffs—as directed by Rule 56(d)—have submitted affidavits by their counsel and Plaintiffs Campbell and Johnson, as well as a counter-statement to Defendants' Rule 56.1 Statement, identifying areas of discovery necessary to adequately respond to Defendants' factual representations under each *Clackamas* factor. (*See* Dkt. No. 53; Dkt. No. 54; Dkt. No. 55; Dkt No. 56.) For example, Plaintiffs contest Defendants' representation that Chadbourne's hiring, firing, and status-change of partners is determined by the partners generally; rather, Plaintiffs argue, discovery would show that a sub-committee of partners (the Management Committee)

---

[1] In fact, Defendants, at several points, appeared to concede that *some* discovery on the *Clackamas* factors might be required. (Dkt. No. 40 at 1 ("Defendants do not categorically object to Rule 56(d) discovery . . . ."); Dkt. No. 48 at 7:5-6 ("[P]art of what separates [the parties] is the *scope* of discovery . . . ." (emphasis added)).)

exercises unilateral control over these decisions.  (Dkt. No. 52 at 16; Dkt. No. 53 ¶¶ 6, 7, 12.) Plaintiffs also contest any individual partner's degree of control, autonomy, and access to profits, and they further suggest that discovery would reveal that the Management Committee alone wields such authority.  (Dkt. No. 52 at 16-17; Dkt. No. 53 ¶¶ 8, 9, 11, 12.)

Considering the Supreme Court's directive to consider the *Clackamas* factors in light of the facts on the ground, *Clackamas Gastroenterology Assocs., P.C.*, 538 U.S. at 449-51 & n.10, together with Plaintiffs' submissions, Plaintiffs have met the requirements of Rule 56(d) to identify areas that require fact development under the *Clackamas* factors.

As a result, the Court concludes that summary judgment is not appropriate at this time and denies Defendants' motion without prejudice to renewal, following limited discovery relating to the *Clackamas* factors.  The Court, in a separate order, will refer this case to Magistrate Judge Moses to resolve any disputes regarding the scope of and timeline for this discovery.

## II. Other Pending Motions

### A. Motion to Dismiss Class and Collective Action Allegations

Along with their motion for summary judgment, Defendants also seek to dismiss Plaintiffs' class and collective action allegations.  (Dkt. No. 30 at 18-24.)  Plaintiffs counter that this motion, too, is premature, as Defendants' arguments are properly raised in opposition to a motion for class or collective action certification.  (Dkt. No. 52 at 20-23.)

"A motion to strike class allegations under Rule 12(f) is [especially] disfavored because it requires a reviewing court to preemptively terminate the class aspects of litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification."

*Emilio v. Sprint Spectrum L.P.*, 68 F. Supp. 3d 509, 514-15 (S.D.N.Y. 2014) (quoting *Blagman v. Apple Inc.,* No. 12 Civ. 5453, 2013 WL 2181709, at *2 (S.D.N.Y. May 20, 2013)). For this reason, courts "frequently . . . defer[] the Rule 23 determination until the class certification stage," *id.* at 515, unless the motion "addresses issues 'separate and apart from the issues that will be decided on a class certification motion,'" *Chen-Oster v. Goldman, Sachs & Co.*, 877 F. Supp. 2d 113, 117 (S.D.N.Y. 2012) (quoting *Rahman v. Smith & Wollensky Rest. Group, Inc.*, 06 Civ. 6198, 2008 WL 161230, at *3 (S.D.N.Y. Jan. 16, 2008)).

Here, Defendants' motion to dismiss Plaintiffs' class and collective action allegations relies upon the Federal Rule of Civil Procedure 23 factors that would be analyzed and addressed by this Court in the course of deciding a motion for class or collective action certification—including, as regards the class allegations, numerosity, common questions of law or fact, and intraclass conflict, and, with respect to the collective action allegations, whether collective members are "similarly situated." (Dkt. No. 30 at 18-24.)  As a result, this motion is not one that warrants especially early consideration, *see Chen-Oster*, 877 F. Supp. 2d at 117, and it is denied on these grounds.

Moreover, because all members of the putative class or collective action have the same (or substantially similar) employment status as the named Plaintiffs, the success or failure of the class and collective action allegations hinges fundamentally on the *Clackamas* factor analysis on which this Court has already directed discovery.  The fact development that will occur further counsels against premature consideration of the class or collective action claims.

   B.  **Motion to Dismiss Counterclaims**

Plaintiff Kerrie Campbell's motion to dismiss the counterclaim against her and for related relief presupposes, at least in part, her status as an "employee" and her resulting protection

against retaliation under Title VII and the Equal Pay Act. (Dkt. No. 42 at 5-10.) Defendants thus oppose this motion chiefly on the ground that Campbell is *per se* not an employee under the *Clackamas* factors. (Dkt. No. 59 at 5-10.)

As detailed above, the Court has already determined that it would be imprudent to analyze Plaintiffs' status (including Campbell's status) as putative "employee" without first directing limited discovery under the *Clackamas* factors. The legal sufficiency of Campbell's additional argument—that the counterclaim fails to allege breach of fiduciary duty as a matter of law—may also turn in part on the question of whether Campbell can be considered an "employee."

This Court therefore denies Campbell's motion to dismiss the counterclaim against her, as some discovery must be completed before the Court can determine her coverage under federal employment law.

Campbell's further request for leave to amend to assert additional allegations of retaliation based on Defendants' filing of the allegedly retaliatory counterclaim is denied, without prejudice to refiling following the period of *Clackamas* discovery.

### C.   Motion for Conditional Collective Action Certification

Plaintiffs' motion for conditional certification of a collective action under the Equal Pay Act also presumes their protection under the EPA as employees. (Dkt. No. 71.) To that end, Defendants base their opposition primarily on the argument that, under the *Clackamas* factors, Plaintiffs are not covered by the statute. (Dkt. No. 82 at 9-12.)

Because Plaintiffs' status under the *Clackamas* factors is potentially dispositive of the motion for certification, the Court declines to address the motion until limited discovery on this question has been completed.

### III. Conclusion

For the foregoing reasons, the motion for summary judgment is DENIED without prejudice to renewal after limited discovery on the *Clackamas* factors has been completed. The related motion to dismiss Plaintiffs' class and collective action claims is DENIED. Defendants may raise these arguments in opposition to any future motion for class certification.

The motion to dismiss the counterclaim against Plaintiff Kerrie Campbell is also DENIED. Campbell's additional request for leave to amend to is DENIED, without prejudice to renewal.

Finally, the motion for conditional certification of an Equal Pay Act collective action is DENIED, without prejudice to renewal following limited discovery.

The Clerk of Court is directed to close the motions at Docket Number 29, Docket Number 41, and Docket Number 63.

SO ORDERED.

Dated: June 14, 2017
New York, New York

_____
J. PAUL OETKEN
United States District Judge