Exhibit 1

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into between Kerrie L. Campbell ("Plaintiff"), on one hand, and Chadbourne & Parke LLP, ("Chadbourne"), Norton Rose Fulbright US LLP ("NRFUS"; together, with Chadbourne, collectively referred to throughout the Agreement as the "Firms"), and Marc Alpert, Andrew Giaccia, Abbe Lowell, Lawrence Rosenberg, Howard Seife, and Paul Weber, on the other hand (the "Individual Defendants," and, together, with the Firms, collectively referred to throughout this Agreement as "Defendants"). Plaintiff and Defendants may be referred to collectively as "the Parties" or "the parties" and each as "a Party" or "a party."

WHEREAS, the Parties desire to settle fully, finally, and completely their disputes with respect to claims under the Fair Labor Standards Act of 1938, as amended by the Equal Pay Act of 1963, 29 U.S.C. §§ 201 et seq. (the "EPA" claims) raised by Plaintiff in the action now pending in the United States District Court for the Southern District of New York entitled *Kerrie Campbell, Jaroslawa Z. Johnson and Mary T. Yelenick, individually and on behalf of others similarly situated v. Norton Rose Fulbright US, LLP, Chadbourne & Parke LLP, Marc Alpert, Andrew Giaccia, Abbe Lowell, Lawrence Rosenberg, Howard Seife, and Paul Weber,* Civil Action No. 16-cv-06832 (JPO) (BCM) (the "Civil Action"); and

WHEREAS the Parties represent that they have discussed the EPA claims and this Agreement with their respective attorneys, have been fully advised by them as to their rights, enter into this Agreement voluntarily, and understand that they are waiving legal rights if this Agreement is approved by United States District Court for the Southern District of New York ("the Court"); and

NOW, THEREFORE, in exchange for and in consideration of the mutual covenants and promises set forth in this Agreement, the Parties agree as follows:

1. **Agreement Contingent on Court Approval of Settlement and Dismissal of EPA Claims in the Civil Action.**

    (a) Within 10 business days after the execution of this Agreement by all Parties, Plaintiff shall file a motion seeking Court approval of this Agreement and dismissal of her EPA claims with prejudice. Such a motion may be a joint motion with Jaroslawa Z. Johnson and Mary Yelenick, who are other plaintiffs in the Civil Action. Defendants shall have the right prior to the filing of the motion to review and comment on the motion and to approve the content of the proposed order submitted therewith. Counsel for Plaintiff will provide Defendants' Counsel with copies of the motion and proposed order, and allow at least three (3) business days prior to filing for Defendants to review and comment on the motion. Counsel for Plaintiff will consider Defendants' comments to all such filings in good faith.

    (b) If the Court does not approve this Agreement and dismiss Plaintiff's EPA claims, the Parties shall make good faith efforts to modify this Agreement so as to obtain the Court's approval; and provided further that, if, for any reason, the Court does not approve this Agreement and dismiss Plaintiff's EPA claims, this Agreement shall immediately become null and void, and of no further force or effect, and the Defendants shall have no obligation to provide Plaintiff with any payments or benefits set forth in this Agreement.

    (c) The Parties agree to cooperate fully with each other to accomplish the terms of this Agreement, including, but not limited to, execution of such documents and taking such other action as reasonably may be necessary to implement the terms of this Agreement. The Parties to this Agreement shall use all efforts contemplated by this Agreement and any other efforts

that may become necessary by order of the Court or otherwise to effectuate this Agreement and the terms set forth herein.

(d) For purposes of this Agreement, the "Order Date" shall be the date of entry by the Court of a final Order dismissing Plaintiff's EPA claims in the Civil Action with prejudice.

2. **Payment.**

(a) Within thirty (30) days after the Order Date dismissing Plaintiff's EPA claims in the Civil Action with prejudice, Defendants shall make the following payments to or on behalf of Plaintiff, consisting of three checks that shall be delivered to Plaintiff's Counsel.

(i) One check made payable to "Kerrie L. Campbell" in the amount of $500,000.00. This payment shall be made in 2018 and a Schedule K-1 to IRS Form 1065 (reflecting the entire payment as a "guaranteed payment" on line 4 of Part III of the Schedule K-1) will be issued to Plaintiff in connection with this payment.

(ii) One check made payable to "Kerrie L. Campbell" in the amount of $500,000.00 for alleged emotional and/or mental distress damages. Such payment shall be made in 2018, and an IRS Form 1099-MISC (reflecting the entire payment in Box 3 of the Form 1099-MISC) will be issued to Plaintiff in connection with this payment.

(iii) One check made payable to Sanford Heisler Sharp, LLP in the amount of $538,461.54, representing attorneys' fees and costs incurred by Plaintiff in connection with the claims settled by this Agreement. Such payment shall be made in 2018, and Sanford Heisler Sharp, LLP and Plaintiff will each receive an IRS Form 1099-MISC in connection with this payment.

(b) Plaintiff acknowledges and agrees that these payments are in full and final settlement of all disputes, claims, causes of action, or complaints under the EPA, between her and Defendants and any of the Releasees defined below. Plaintiff agrees that she is solely and exclusively responsible for payment of her share of any and all income taxes due and owing on the payments provided pursuant to Paragraph 2(a).

3. **No Entitlement to Any Further Payment**. Plaintiff acknowledges that good faith disputes exist between her and Defendants as to whether she is entitled to any benefits or protections under the EPA given her status as a former Chadbourne partner and whether, if so, she is owed any wages. Plaintiff affirms that the payment described in Section 2(a)(i) of this Agreement fully compensates her for all wages she contends Defendants should have paid her in the past under the EPA.

4. **Release of Claims**. For and in consideration of the payments and benefits provided under this Agreement, Plaintiff, for herself and for her heirs, executors, administrators, trustees, successors, legal representatives and assigns (hereinafter referred to collectively as "Releasors"), forever releases and discharges: (i) the Individual Defendants and (ii) Chadbourne, NRFUS, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa, Inc., Norton Rose Fulbright Verein, any past, present or future member of the Norton Rose Fulbright Verein, CPL1, LLC, CPL2, LLC, CPL3, LLC, CPL4, LLC, and CPL5, LLC, and any entities owned or controlled by or otherwise affiliated with any of the foregoing entities (all of the entities described above in this clause (ii) being herein called the "Primary Entity Releasees") and any and all of their respective past, present and future parent corporations, subsidiaries, divisions, affiliated and related entities, employee benefit and/or pension plans or funds, successors and assigns, of any of the Primary Entity Releasees and any

and all of their respective past, present and future owners, partners, officers, directors, members, trustees, fiduciaries, shareholders, representatives, attorneys, insurers, administrators, employees or agents (whether acting as agents for the Primary Entity Releasee or its employee benefit or pension plan fund or in their individual capacities) (all of the foregoing persons and entities identified in this subparagraph hereinafter referred to collectively as the "Releasees") from any and all EPA and/or Fair Labor Standards Act claims, rights, and causes of action, whether known or unknown, arising from Plaintiff's tenure as a partner and/or employee of Defendants up to the date of Plaintiff's execution of this Agreement, including without limitation all such claims for any EPA back pay damages, penalties, liquidated damages, punitive damages, interest, attorneys' fees and costs, restitution, or equitable relief to the extent relating to or deriving from such an EPA claim.

5. **No Pending Actions**.

(a) Plaintiff agrees and represents that, other than the Civil Action, she has not in the past filed and will not in the future file any charge, complaint, suit, or claim of any nature with any local, state, federal, or foreign agency or court, including but not limited to the United States Department of Labor, the New York State Department of Labor, or the D.C. Commission on Human Rights against Defendants or any of the Releasees asserting claims released in this Agreement.

(b) Plaintiff agrees and represents that, by the dismissal of her EPA claims with prejudice from the Civil Action, she is excluding herself as a party from the Civil Action, and agrees that she is not entitled to receive any further payment (other than the payments provided for in Paragraph 2(a)) in connection with EPA claims in the Civil Action or otherwise, including but not limited to any payment from any future settlement fund. Nothing herein shall prohibit Plaintiff

5

from filing a charge with or participating in an investigation conducted by appropriate governmental agencies; provided, however, that Plaintiff shall not be eligible to recover any monetary or other relief in connection with any such charge.

6. **No Admission**. This Agreement is not intended, and shall not be construed, as an admission that any of the Defendants has violated any federal, state or local law (statutory or decisional), ordinance or regulation, breached any contract or other legal or ethical obligation or committed any wrong whatsoever against Plaintiff, or and shall not constitute an admission by any party as to the merits or likelihood of success of any claim for liability or damages that might have been asserted between the Parties, and each of the Releasees expressly denies any such wrongdoing or liability whatsoever. Nothing herein constitutes an admission by Defendants that Plaintiff was an "employee" of Chadbourne, as defined by statute or at common law, at any point during the time that she was a partner of Chadbourne or that NRFUS is a "successor" to Chadbourne, as defined by statute or common law.

7. **Joint Participation in Preparation of Agreement**. The Parties hereto participated jointly in the negotiation and preparation of this Agreement, and each Party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any Party or in favor of any Party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one Party and in favor of the other.

8. **Severability**. After the Court has dismissed Plaintiff's EPA claims, should any of the provisions of this Agreement be rendered invalid by a court or government agency of

competent jurisdiction, it is agreed that this shall not in any way or manner affect the enforceability of the other provisions of this Agreement which shall remain in full force and effect.

9. **Governing Law**. The Parties further agree that New York law shall govern the validity and interpretation of this Agreement (without regard to its principles of conflict of laws).

10. **Section Headings**. Section headings in this Agreement are included for convenience of reference only and shall not be a part of this Agreement for any other purpose.

11. **Entire Agreement**. This Agreement constitutes the complete understanding between the Parties with respect to the settlement of Plaintiff's EPA claims, and supersedes any and all prior agreements, promises, or inducements, no matter its or their form, concerning Plaintiff's EPA claims.

12. **Modifications**. No modifications, amendments, or changes to this Agreement shall be binding or enforceable unless reduced to writing and signed by all Parties and approved by the Court.

13. **Counterparts**. This Agreement may be executed in counterparts, which when taken together shall constitute one and the same instrument. Counterparts may be executed by electronic signature and may be exchanged by email or facsimile, each of which shall have the force of a counterpart bearing an original signature.

14. **Ownership of Claims**. Plaintiff represents and warrants to Defendants that she has not assigned any EPA claims she may have against Defendants or any of the other Releasees to any other person or entity.

15. **Period for Review**. Plaintiff agrees by her signature below that she has had, and that Defendants gave her, a reasonable time in which to consider this Agreement before executing it, and that such period was sufficient for her to fully and completely consider all of its terms.

Plaintiff hereby waives any right she might have to additional time within which to consider this Agreement. Plaintiff acknowledges that she was represented by counsel in her review of this Agreement. Plaintiff has read this Agreement and is entering into it voluntarily.

16. **Statement in Consideration of Medicare.**

    a. This settlement is based upon a good faith determination by the Parties to resolve a disputed claim. The Parties have not shifted responsibility of medical treatment to Medicare in contravention of 42 U.S.C. Sec. 1395y(b). Subject to Court approval, the Parties have resolved this matter in compliance with federal, state, and local law. The Parties made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms.

    b. Plaintiff represents and warrants that, conditional upon Defendants making all payments pursuant to Paragraph 2(a), all bills, costs or liens resulting from or arising out of her alleged injuries, claims or Civil Action relating to her EPA claims are not Defendants' responsibility to pay. Plaintiff agrees to assume responsibility for satisfaction of any and all rights to payment, claims or liens of any kind, that arise from or are related to payments made or services provided to her on her behalf arising from her EPA claims. Plaintiff agrees to assume responsibility for all expenses, costs or fees incurred by her related to her alleged injuries or claims arising from her EPA claims, including without limitation, all Medicare conditional payments, subrogation claims, liens, or other rights to payment, relating to medical treatment or lost wages that have been or may be asserted by any health care provider, insurer, governmental entity, employer or other person or entity. Further, Plaintiff will hold the Releasees and their insurer(s) harmless from any and all damages, claims and rights to payment, including any

attorneys' fees, brought by any person, entity or governmental agency to recover any of these amounts arising from Plaintiff's EPA claims.

    c.     Plaintiff warrants that she is not a Medicare beneficiary as of the date of this release. Because Plaintiff is not a Medicare recipients as of the date of this release, no conditional payments have been made by Medicare.

    d.     Plaintiff will hold the Releasees and their insurer(s) harmless from any and all claims, liens, Medicare conditional payments and rights to payment, known or unknown arising from her EPA claims. If any governmental entity, or anyone acting on behalf of any governmental entity, seeks damages including multiple damages from the Releasees and/or their insurer(s) relating to payment by such governmental entity, or anyone acting on behalf of such governmental entity, relating to Plaintiff's alleged injuries, claims or Civil Action arising from her EPA claims, Plaintiff will hold the Releasees and their insurer(s) harmless from any and all such damages, claims, liens, Medicare conditional payments and rights to payment, including any attorneys' fees sought by such entities.

    e.     While it is impossible to accurately predict the need for future medical treatment, this settlement is based upon a good faith determination of the Parties in order to resolve a disputed claim. The Parties have attempted to resolve this matter in compliance with federal, state, and local law, and it is believed that the settlement terms adequately consider and protect Medicare's interest and do not reflect any attempt to shift responsibility of treatment to Medicare pursuant to 42 U.S.C. Sec. 1395y(b). The parties acknowledge and understand that any present or future action or decision by CMS or Medicare on this settlement, or Plaintiff's eligibility or entitlement to Medicare or Medicare payments, will not render this release void or ineffective, or in any way affect the finality of this Agreement.

17. **Authority to Sign Agreement**. The Parties and the signatories to this Agreement represent and warrant that the signatories executing this Agreement on behalf of each Party have full authority to do so and to make the representations, warranties, and agreements contained herein.

18. **Binding Effect**. This Agreement is binding upon, and shall inure to the benefit of, the Parties and their respective heirs, executors, agents, administrators, successors, trustees, transferees, and assigns.

| | |
|---|---|
| DATED: February 22, 2018 | **KERRIE L. CAMPBELL**<br>*/s/ K. Campbell* |
| DATED: February ___, 2018 | **CHADBOURNE & PARKE LLP**<br><br>_____<br>By CPL1, LLC, a Partner and Member<br>of the Liquidating Committee of<br>Chadbourne & Parke LLP,<br>by Andrew Giaccia, Sole Member of CPL1, LLC |
| DATED: February ___, 2018 | **NORTON ROSE FULBRIGHT US LLP**<br><br>_____<br>Shauna Johnson Clark<br>Title: |
| DATED: February ___, 2018 | **MARC ALPERT**<br><br>_____ |
| DATED: February ___, 2018 | **ANDREW GIACCIA**<br><br>_____ |
| DATED: February ___, 2018 | **ABBE LOWELL**<br><br>_____ |
| DATED: February ___, 2018 | **LAWRENCE ROSENBERG**<br><br>_____ |
| DATED: February ___, 2018 | **HOWARD SEIFE**<br><br>_____ |
| DATED: February ___, 2018 | **PAUL WEBER**<br><br>_____ |

DATED: February 22, 2018        **KERRIE L. CAMPBELL**

                                /s/ K. Campbell
                                _____

DATED: February 22, 2018        **CHADBOURNE & PARKE LLP**

                                /s/
                                _____
                                By CPLl, LLC, a Partner and Member
                                of the Liquidating Committee of
                                Chadbourne & Parke LLP,
                                by Andrew Giaccia, Sole Member of CPLl, LLC

DATED: February ___, 2018       **NORTON ROSE FULBRIGHT US LLP**

                                _____
                                Shauna Johnson Clark

                                Title:

DATED: February ___, 2018       **MARC ALPERT**

                                _____

DATED: February 22, 2018        **ANDREW GIACCIA**

                                /s/
                                _____

DATED: February ___, 2018       **ABBE LOWELL**

                                _____

DATED: February ___, 2018       **LAWRENCE ROSENBERG**

                                _____

DATED: February ___, 2018       **HOWARD SEIFE**

                                _____

DATED: February ___, 2018       **PAUL WEBER**

                                _____

| | |
|---|---|
| DATED: February 22, 2018 | **KERRIE L. CAMPBELL**<br>*/s/ K. Campbell* |
| DATED: February ___, 2018 | **CHADBOURNE & PARKE LLP**<br><br>By CPL1, LLC, a Partner and Member<br>of the Liquidating Committee of<br>Chadbourne & Parke LLP,<br>by Andrew Giaccia, Sole Member of CPL1, LLC |
| DATED: February 27, 2018 | **NORTON ROSE FULBRIGHT US LLP**<br>*/s/ Shauna Johnson Clark*<br>Shauna Johnson Clark<br>Title: |
| DATED: February ___, 2018 | **MARC ALPERT** |
| DATED: February ___, 2018 | **ANDREW GIACCIA** |
| DATED: February ___, 2018 | **ABBE LOWELL** |
| DATED: February ___, 2018 | **LAWRENCE ROSENBERG** |
| DATED: February ___, 2018 | **HOWARD SEIFE** |
| DATED: February ___, 2018 | **PAUL WEBER** |

DATED: February 22, 2018     **KERRIE L. CAMPBELL**

_(signature)_

DATED: February ___, 2018    **CHADBOURNE & PARKE LLP**

By CPL1, LLC, a Partner and Member
of the Liquidating Committee of
Chadbourne & Parke LLP,
by Andrew Giaccia, Sole Member of CPL1, LLC

DATED: February ___, 2018    **NORTON ROSE FULBRIGHT US LLP**

Shauna Johnson Clark

Title:

DATED: February 22, 2018    **MARC ALPERT**

_(signature)_

DATED: February ___, 2018    **ANDREW GIACCIA**

DATED: February ___, 2018    **ABBE LOWELL**

DATED: February ___, 2018    **LAWRENCE ROSENBERG**

DATED: February ___, 2018    **HOWARD SEIFE**

DATED: February ___, 2018    **PAUL WEBER**

11

DATED: February 22, 2018          **KERRIE L. CAMPBELL**

*/s/ K. Campbell/*

DATED: February ___, 2018          **CHADBOURNE & PARKE LLP**

_____

By CPL1, LLC, a Partner and Member
of the Liquidating Committee of
Chadbourne & Parke LLP,
by Andrew Giaccia, Sole Member of CPL1, LLC

DATED: February ___, 2018          **NORTON ROSE FULBRIGHT US LLP**

_____

Shauna Johnson Clark

Title:

DATED: February ___, 2018          **MARC ALPERT**

_____

DATED: February ___, 2018          **ANDREW GIACCIA**

_____

DATED: February 23, 2018           **ABBE LOWELL**

*/s/ Abbe Lowell/*

DATED: February ___, 2018          **LAWRENCE ROSENBERG**

_____

DATED: February ___, 2018          **HOWARD SEIFE**

_____

DATED: February ___, 2018          **PAUL WEBER**

_____

| DATED: February 22, 2018 | **KERRIE L. CAMPBELL** |
| --- | --- |
| | */s/ K. Campbell* |
| DATED: February ___, 2018 | **CHADBOURNE & PARKE LLP** |
| | By CPL1, LLC, a Partner and Member of the Liquidating Committee of Chadbourne & Parke LLP, by Andrew Giaccia, Sole Member of CPL1, LLC |
| DATED: February ___, 2018 | **NORTON ROSE FULBRIGHT US LLP** |
| | Shauna Johnson Clark |
| | Title: |
| DATED: February ___, 2018 | **MARC ALPERT** |
| DATED: February ___, 2018 | **ANDREW GIACCIA** |
| DATED: February ___, 2018 | **ABBE LOWELL** |
| DATED: February 23, 2018 | **LAWRENCE ROSENBERG** |
| | */s/ Lawrence R.* |
| DATED: February ___, 2018 | **HOWARD SEIFE** |
| DATED: February ___, 2018 | **PAUL WEBER** |

11

DATED: February 22, 2018        **KERRIE L. CAMPBELL**

*/s/ K. Campbell/*

DATED: February ___, 2018       **CHADBOURNE & PARKE LLP**

_____
By CPLI, LLC, a Partner and Member
of the Liquidating Committee of
Chadbourne & Parke LLP,
by Andrew Giaccia, Sole Member of CPLI, LLC

DATED: February ___, 2018       **NORTON ROSE FULBRIGHT US LLP**

_____
Shauna Johnson Clark

Title:

DATED: February ___, 2018       **MARC ALPERT**

_____

DATED: February ___, 2018       **ANDREW GIACCIA**

_____

DATED: February ___, 2018       **ABBE LOWELL**

_____

DATED: February ___, 2018       **LAWRENCE ROSENBERG**

_____

DATED: February 27, 2018        **HOWARD SEIFE**

*/s/ H. Seife/*

DATED: February ___, 2018       **PAUL WEBER**

_____

11

| | |
|---|---|
| DATED: February 22, 2018 | **KERRIE L. CAMPBELL** <br> */s/ K. Campbell* |
| DATED: February ___, 2018 | **CHADBOURNE & PARKE LLP** <br><br> _____ <br> By CPL1, LLC, a Partner and Member <br> of the Liquidating Committee of <br> Chadbourne & Parke LLP, <br> by Andrew Giaccia, Sole Member of CPL1, LLC |
| DATED: February ___, 2018 | **NORTON ROSE FULBRIGHT US LLP** <br><br> _____ <br> Shauna Johnson Clark <br><br> Title: |
| DATED: February ___, 2018 | **MARC ALPERT** |
| DATED: February ___, 2018 | **ANDREW GIACCIA** |
| DATED: February ___, 2018 | **ABBE LOWELL** |
| DATED: February ___, 2018 | **LAWRENCE ROSENBERG** |
| DATED: February ___, 2018 | **HOWARD SEIFE** |
| DATED: February 22, 2018 | **PAUL WEBER** <br> */s/ P. Weber* |